Merlyn W. Clark, ISB No. 1026
Tyler J. Anderson, ISB No. 6632
William K. Smith, ISB No. 9769
HAWLEY TROXELL ENNIS & HAWLEY LLP
877 Main Street, Suite 1000
P.O. Box 1617
Boise, ID 83701-1617
Telephone: 208.344.6000
Facsimile: 208.954.5936
Email: mclark@hawleytroxell.com
       tanderson@hawleytroxell.com
       wsmith@hawleytroxell.com

Attorneys for Plaintiff SBar Ranch, LLC

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SBAR RANCH, LLC, an Idaho limited liability company,<br><br>        Plaintiff,<br><br>vs.<br><br>ELMORE COUNTY, IDAHO, a political subdivision of the State of Idaho; ALBERT (AL) HOFER, individually and as Commissioner of Elmore County, Idaho; FRANKLIN L. (BUD) CORBUS, individually and as Commissioner of Elmore County, Idaho; and WESLEY R. (WES) WOOTAN, individually and as Commissioner of Elmore County, Idaho,<br><br>        Defendants. | Case No._____<br><br>COMPLAINT AND DEMAND FOR JURY TRIAL |

COMES NOW Plaintiff, SBar Ranch, LLC ("**SBar Ranch**" or **"Plaintiff"**) by and through its attorneys of record, pursuant to 28 United States Code § 2201, 42 United States Code § 1983, and the United States Constitution and complains and alleges as follows:

COMPLAINT AND DEMAND FOR JURY TRIAL - 1

## PARTIES, JURISDICTION & VENUE

1. SBar Ranch is the owner of real property in Elmore County, Idaho, which is located less than one (1) mile from the location of the Proposed Development (as further defined below).

2. Elmore County, Idaho, is a political subdivision of the State of Idaho ("County").

3. Albert (Al) Hofer is and was at all times relevant, a Commissioner of Elmore County, Idaho and the owner of lands located within the boundaries of the Mtn. Home Irrigation District. As described herein, Hofer acted in his official capacity and under state law in depriving the civil rights of Plaintiff.

4. Franklin L. (Bud) Corbus is and was at all times relevant, a Commissioner of Elmore County, Idaho and the owner of lands located within the boundaries of the Mtn. Home Irrigation District. As described herein, Corbus acted in his official capacity and under state law in depriving the civil rights of Plaintiff.

5. Wesley R. (Wes) Wootan is and was at all times relevant, a Commissioner of Elmore County, Idaho and the owner of lands located within the boundaries of the Mtn. Home Irrigation District. As described herein, Wootan acted in his official capacity and under state law in depriving the civil rights of Plaintiff.

6. This Complaint raises multiple claims including, but not limited to a claim for declaratory relief, a claim for tort damages for "non-categorical" regulatory taking and a claim for deprivation of due process and other civil rights brought pursuant to 42 U.S.C. § 1983.

7. This Court has subject matter jurisdiction over Plaintiff's claims alleged herein pursuant to 28 United States Code §§ 1331 and 1343(a)(1) and (3).

8. Plaintiff's action for declaratory relief is authorized by 28 United States Code §§ 2201 and 2202 and Rule 57 of the Federal Rules of Civil Procedure.

9.  Venue for this action is proper pursuant to 28 United States Code § 1391(b)(1) because all Defendants carry out their official duties at offices located within this District.

10. In the event Plaintiff is remitted to state court by an abstention order of this Court, Plaintiff hereby reserves its right, in accordance with *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411 (1964) to return to this Court, for a determination of its federal claims alleged herein and any other claims allowed by this Court.

## GENERAL ALLEGATIONS

11. On or about June 30, 2015, Cat Creek Energy, LLC ("Cat Creek") or ("Developer") or ("Applicant"), submitted five (5) Conditional Use Permit ("CUP") applications to the County for various projects in its Agriculture and Area of Critical Concern Overlay Zones. Those projects include the installation of: (1) transmission lines ("CUP-2015-03"); (2) a pump storage hydro electrical generating facility ("CUP-2015-04"); (3) a PV solar electrical generating facility ("CUP-2015-05"); (4) a wind turbine electrical generating facility ("CUP-2015-06"); and (5) a substation ("CUP-2015-07"), collectively the "CUPs"). The projects are collectively referred to herein as the "Proposed Development."

12. The applications for the CUPs came before the Planning and Zoning Commission of Elmore County, Idaho (the "P&Z Commission") for public hearing on June 15, 2016, and for deliberation on July 13, 2016.

13. On June 15, 2016, evidence was presented to the P&Z Commission that the CUPs would have a negative impact on the surrounding area and property, and were otherwise in conflict with the Elmore County Comprehensive Plan of 2014 (the "Comprehensive Plan").

14. On or about August 17, 2016, the P&Z Commission, after finding based on the testimony of Cat Creek that the CUPs were dependent on each other and could not exist separately, denied the CUPs. In its Findings of Fact, Conclusions of Law and Order ("P&Z

Commission Decision"), the Commission made findings that the CUPs would have a negative impact on the surrounding area and property, would have a negative effect on the scenic characteristics and visual aspects of the area, and are otherwise in conflict with the Comprehensive Plan. A true copy of the P&Z Commission Decision is attached hereto, marked Exhibit "A" and incorporated herein by reference as though fully set forth herein.

15. SBar Ranch, although an affected party as defined under Idaho Code § 67-6521, because it is located less than one mile from the Proposed Development, was not on the County's mailing list and did not receive notice of the hearing on the applications for the CUPs before the P&Z Commission, and therefore did not have the opportunity to be heard on the applications for the CUPs before the P&Z Commission issued its decision.

16. On or about August 26, 2016, Cat Creek appealed the P&Z Commission's Decision to the Elmore County Board of Commissioners (the "Board").

17. On or about October 24, 2016, the Board issued a notice of public appeal hearings for denial of the five (5) CUP applications to be held on November 16 and 17, 2016, in Mountain Home, Idaho. Plaintiff received a notice. The notice did not include the height and location of the proposed wind towers as is mandated by Idaho Code §67-6512(b). Because the notice omitted the height and location of the proposed wind towers, Plaintiff was not notified that the proposed wind towers would have an adverse impact on the use and enjoyment of Plaintiff's land and would adversely affect the value of Plaintiff's land.

18. The Board held a hearing on the appeal of the Commission's Decision on November 16 and 17, 2016, at which time Cat Creek presented evidence for the first time that materially changed Cat Creek's applications for the CUPs, including among other material changes, a new master site plan of the integrated Proposed Development. Because Plaintiff did

not receive notice of the material changes or the new master site plan prior to the public hearing, Plaintiff did not have an adequate and proper opportunity to study the material changes, or prepare and respond to this new evidence during the public hearing.

19.   On December 16, 2016, the Board held a public hearing to re-open the record for the denied conditional use permits to allow a Board Commissioner to disclose additional information received by the Commissioner outside of the public hearing proceedings and permit the public to respond to the Commissioner's disclosure. The notice of the December 16, 2016 public hearing expressly provided that "Verbal testimony will be limited to responding to the foregoing information." The notice of the December 16, 2016 public hearing failed to describe the height and location of the proposed wind towers in violation of I.C. § 67-6512(b).

20.   The Board conducted deliberations on the appeal of the P&Z Commission's Decision on January 13, 2017, February 3, 2017, and February 10, 2017. On February 10, 2017, the Board issued its Findings of Fact, Conclusions of Law and Order ("February 2017 Order"). A true copy of the February 2017 Order is attached hereto marked Exhibit "B" and incorporated herein by reference as though fully set forth herein.

21.   In its February 2017 Order the Board reversed the Commission's Decision and provisionally approved the CUPs on the express conditions that various requirements be met ("Conditions"). The approvals of the CUPs did not constitute "final agency action" because one of those conditions was that the Board required the Applicant to return to the Board and obtain the execution and recordation of a Development Agreement by and between the County Board, Cat Creek, and the entities owning the land ("Landowners") where the integrated Proposed Development is to be located ("Development Agreement"). The issuance of the CUPs was not the "final agency action" upon the Applications because Cat Creek could not proceed with the

integrated Proposed Development until the Development Agreement was negotiated and executed between the County Board, Cat Creek, and the Landowners, and recorded.

22. The Board, based on the testimony of Cat Creek, affirmed the P&Z Commission's finding that the five (5) separate CUPs were dependent on each other and could not exist separately.

23. Over the course of approximately one year, representatives of Cat Creek and the County Board--one of the County representatives was Commissioner Albert (Al) Hofer--met on several occasions to negotiate and draft the terms of the Development Agreement.

24. On February 9, 2018, the Board conducted a public hearing to receive public comments for and against the approval of the proposed Development Agreement. The proposed Development Agreement contained many material alterations of the terms and conditions of the approved CUPs, which were revealed for the first time to the public during the February 9, 2018 hearing. Plaintiff was not provided an adequate and proper opportunity to study and respond to the material alterations in the terms and conditions of the CUPs that are contained in the Development Agreement. During the public hearing, the Board approved omitting and deferring the provisions of the Water Delivery and Diversion section from the Development Agreement, which is a requirement of Condition No. 2 in the CUPs. The Water Delivery and Diversion section is a major component of the Proposed Development and the omission of this provision is a material change in the CUPs.

25. On February 9, 2018, the Board and the Developer approved and executed the Development Agreement and the Board adopted Resolution No. 652-18 and Ordinance No. 2018-01, which were recorded. A true copy of the Development Agreement, Resolution No. 652-

18 and Ordinance No. 2018-01 are attached hereto marked Exhibit "C" and incorporated herein by reference as though fully set forth herein.

26. On February 16, 2018, SBar Ranch filed a timely Request for Reconsideration of the approval of the CUPs and the Development Agreement ("First Request for Reconsideration"). The Request for Reconsideration claimed violations of due process; violations of the Local Land Use Planning Act, Idaho Code §§ 67-6501 through -6538 ("LLUPA"); and violations of the County Code and Ordinances. A true copy of the First Request for Reconsideration is attached hereto, marked Exhibit "D" and incorporated herein as though fully set forth herein.

27. On March 2, 2018, both Resolution No. 652-18 and Ordinance No. 2018-01 were amended and restated as Resolution No. 653-18 and Ordinance No. 2018-02. A true copy of Resolution No. 653-18 the Ordinance No. 2018-02 are attached hereto, marked Exhibit "E" and incorporated herein as though fully set forth herein.

28. Without public notice, the Board conducted deliberations on March 2, 2018, and on March 16, 2018, when the Board issued additional Findings of Fact, Conclusions of Law and Order – CUP Amendments ("Supplemental Findings"). These Supplemental Findings materially altered the February 10, 2017 Order. In particular, and among other things, the Board specifically found in its Supplemental Findings that "as a result in approving the Development Agreement, the Board approved changes to the [CUPs] and Conditions;" that the five CUPs were no longer dependent on each other and could be approved separately. A true copy of the Supplemental Findings is attached hereto, marked Exhibit "F" and incorporated herein as though fully set forth herein.

29. On April 6, 2018, the Board denied SBar Ranch's First Request for Reconsideration ("First Request for Reconsideration Denial"). A true copy of the First Request for Reconsideration Denial is attached hereto, marked Exhibit "G" and incorporated herein as though fully set forth herein.

30. The approval of the CUPs will negatively impact SBar Ranch's property, as found by the P&Z Commission and as is established by the record of the Board in this matter. Further, the windmill turbines that are the subject of CUP-2015-06 will diminish the value of SBar Ranch's property by obstructing and polluting the scenic view and natural landscape of SBar Ranch's property and for other reasons that are in the record of the P&Z Commission and the record of the Board relating to this matter and will be proven at trial. SBar Ranch has not been provided compensation for the damages it has suffered as a consequence of the actions of the Board.

31. On March 26, 2018, SBar Ranch filed a Second Request for Reconsideration of the approval of the CUPs and the Development Agreement ("Second Request for Reconsideration"). The Second Request for Reconsideration claimed violations of due process; violations of LUPA; and violations of the County Code and Ordinances. Specifically, the Second Request asserted among other violations, that the Development Agreement provides for an improper extension period; an improper adoption of a modified Master Site Plan in the Development Agreement; improper removal of the water diversion and delivery provisions of the CUPs from the Development Agreement; due process violations in the making of the Development Agreement; and failure, in violation of I.C. § 67-6512(b), to give notice of the height and locations of the proposed wind towers. A true copy of the Second Request for

Reconsideration, and the Supplement to Second Request are attached hereto, marked Exhibit "H" and incorporated herein as though fully set forth herein.

32.     On May 1, 2018, SBar Ranch filed in the District Court of the Fourth Judicial District of the State of Idaho, In and For the County of Elmore, Case No. CV20-18-525, a Petition for Judicial Review of the actions of the Board.

33.     On May 18, 2018, the Board denied SBar Ranch's Second Request for Reconsideration ("Second Request for Reconsideration Denial"). A true copy of the Second Request for Reconsideration Denial is attached hereto, marked Exhibit "I" and incorporated herein as though fully set forth herein.

34.     On May 21, 2018, SBar Ranch served a Notice of Tort Claim upon the Board of Commissioners of Elmore County, in compliance with Idaho Code § 6-906. A copy of the Notice of Tort Claim and an Errata are attached hereto, marked Exhibit "J" and incorporated herein as though fully set forth herein.

35.     On June 13, 2018, SBar Ranch filed in the District Court of the Fourth Judicial District of the State of Idaho, in and for the County of Elmore, Case No.CV20-18-525, without objection, its Amended Petition for Judicial Review of the actions of the Board.

36.     On its own initiative, the Board issued a Notice of Public Hearing that on July 26, 2018, it would hold a public hearing to consider or reconsider twenty (20) subject matters: (1) an extension of the time the Applicant has to satisfy Conditions No. 2(b) and (c) of the Initial Findings with respect to CUP-2015-04 (hydro project); (2) the site plan and project description; (3) the Stakeholder Board (as defined in Condition No. 2(d) of the Initial Findings); (4) annual fish stocking in Anderson Ranch Reservoir; (5) conservation efforts affecting areas of sage-grouse habitat surrounding wind turbine areas 2 and 3 in the eastern part of Wood Creek Ranch;

COMPLAINT AND DEMAND FOR JURY TRIAL - 9

07800.0185.11689808.2

(6) erosion control measures; (7) the Applicant's erosion control plan; (8) visual mitigation measures; (9) communication with governmental agencies regarding fish and wildlife habitats and other matters; (10) noise standards; (11) the Scholarship Fund (as defined in Condition No. 30 of the Initial Findings); (12) the term of approval of the CUPs, including any option to extend the approval within the possible period of approval of the CUPs; (13) the Senior Fund (as defined in Condition No. 31 of the Initial Findings); (14) an updated Wildlife Mitigation Plan/Environmental Impact Statement; (15) a power sale agreement between the Applicant and Idaho Power; (16) the Interconnection Application; (17) the annual report requirement; (18) the County's right to terminate the CUPs; (19) separation of the Board's approvals of the CUPs to allow phasing of the Applicant's project; and (20) any other matters raised in the Development Agreement to the extent that it amends the Initial Findings, the Approval or the Conditions. A true copy of the Notice of Public Hearing is attached hereto, marked Exhibit "K" and incorporated herein as though fully set forth herein.

37. SBar Ranch submitted to the Board a Notice of Objections to the July 26, 2018 hearing ("Notice of Objections"). A copy of the Notice of Objections is attached hereto, marked Exhibit "L" and incorporated herein as though fully set forth herein.

38. Following the hearing, the Board closed the record and took the matter under advisement. Deliberations were held on September 7, 2018, when the Board approved and issued Findings of Fact, Conclusions of Law and Order, July 26, 2018 – Rehearing ("Reconsideration Findings"). A true copy of the Reconsideration Findings is attached hereto, marked Exhibit "M", and incorporated herein as though fully set forth herein.

39. Because SBar Ranch had already appealed the Board's denials of the First and Second Requests for Reconsideration, the Board was deprived of jurisdiction to issue the

Reconsideration Findings in an attempt to correct or fix the Board's prior decisions which are the subject of the prior appeals.

40. On September 11, 2018, SBar Ranch submitted its Third Request for Reconsideration to the Elmore County Board of Commissioners seeking reconsideration of the Reconsideration Findings "Third Request for Reconsideration." A copy of the Third Request for Reconsideration is attached hereto, marked Exhibit "N", and incorporated herein as though fully set forth herein.

41. On September 21, 2018, the Board denied the Third Request for Reconsideration. A copy of the Decision and Order Denying the Third Request for Reconsideration by SBar Ranch, LLC ("Third Request for Reconsideration Denial") is attached hereto, marked Exhibit "O" and incorporated herein as though fully set forth herein.

42. On December 14, 2018, in response to a request from the Developer, the Board held a public hearing to consider a request from the Developer to extend the deadline of December 31, 2018, for the Board and the Developer to agree upon the terms of an amendment to the Development Agreement to include the provision for the diversion and delivery of water by the Developer to the County. The Developer requested an extension to June 30, 2019.

43. SBar Ranch submitted to the Board a Notice of Objections dated December 7, 2018, to the public hearing on December 14, 2018, and to the requested extension. A copy of the Notice of Objections dated December 7, 2018, is attached hereto, marked Exhibit "P" and incorporated herein as though fully set forth herein.

44. On December 14, 2018, the Board disregarded the Notice of Objections of SBar Ranch, conducted the public hearing and approved the extension of deadline as requested by the Developer. A copy of Ordinance No. 2018-03 with the executed First Amendment to

COMPLAINT AND DEMAND FOR JURY TRIAL - 11

Development Agreement Relative to Cat Creek Energy, LLC Conditional Use Permits is attached hereto, marked Exhibit "Q" and incorporated herein as though fully set forth herein.

45. The Board's actions have deprived SBar Ranch of substantial rights because its actions have deprived SBar Ranch of property without the payment of just compensation and has deprived SBar Ranch of due process and equal protection.

46. A part of the Proposed Development involves the construction of a man-made lake ("Upper Reservoir") to be constructed by Cat Creek above the elevation of Anderson Ranch Dam reservoir. CUP-2015-04 is an application for a pump storage hydro electrical generating facility utilizing the Upper Reservoir. This is one of the CUPs that Cat Creek, in its application for CUPs, represented was integral to and could not be separated from the other four (4) CUP applications. When the Board approved the CUPs on February 10, 2017, the Board expressly made a finding that: "The Commission finds based on testimony from the Applicant, that all five (5) applications are dependent upon each other and cannot exist separately." The Board subsequently reversed this finding and conclusion. The purpose of the Upper Reservoir is so Cat Creek can pump water from Anderson Ranch Dam reservoir during non-peak hours of electrical demand to the Upper Reservoir and recycle it back into Anderson Ranch Dam during peak hours through hydro turbines to generate electricity.

47. The Board has applied to the Idaho Department of Water Resources (permit No. 63-34348) to divert water out of Basin 63 and to use the water in Basin 61. The Board proposes that the Developer shall divert and deliver water at a rate of up to 200 cubic feet per second (cfs) to the County under its water right, in priority, on a continuous flow basis, from the South Fork Boise River to Little Camas Reservoir by use of the Developer's infrastructure and to include water stored for the County's use in Anderson Ranch Reservoir, pursuant to U.S. Bureau

of Reclamation contract and Idaho state law, as long as (1) the water can be accepted into Little Camas Reservoir, as determined by the Mountain Home Irrigation District, in its sole discretion; (2) the water diversion and delivery does not prevent the Developer from performing its ordinary water operations, which term is defined as generating electricity via hydro-power or performing ordinary maintenance of its hydro-power infrastructure; and (3) Cat Creek Reservoir stored water is at least 20,000 acre feet.  In short, the County proposes that the Developer will use its infrastructure to pump water for the County's use. In other words, the County has a vested interest in approving CUP-2015-04 so the County can benefit from the use of the Developer's infrastructure to pump water for the County's use because the granting of the CUP-2015-04 to Cat Creek Energy is necessary in order for the Developer to pump water for Elmore County's use. The Board's vested beneficial interest in approving the granting of CUP-2015-04 to Cat Creek Energy in this matter creates a conflict of interest that violates Idaho Code § 67-6506 and other law.  The Board's conflict of interest prevents the Board from serving as the neutral decision maker in this contested matter that is pending before the Board.  The only rational solution to the problem of their conflict of interest and inability to serve as a neutral decision maker as required by law, is to grant Plaintiff the relief sought herein.

48.     One of the Commissioners, Albert (Al) Hofer, was designated by the Board to serve as a negotiator for the Board with representatives of the Developer to negotiate the terms of the Development Agreement on behalf of the County. Mr. Hofer and other representatives of the County served as a negotiator for the Board with the representatives of the Developer for almost a year. Mr. Hofer agreed with the Developer and approved the terms of a Development Agreement that was submitted to the other two members of the Board for their consideration and approval on February 9, 2018. When the Board approved the terms of the Development

COMPLAINT AND DEMAND FOR JURY TRIAL - 13

Agreement on February 9, 2018, the remaining two members of the Board knew that Mr. Hofer had negotiated and approved the terms of the Development Agreement that was submitted to the Board for its approval and execution on behalf of the County. This arrangement unduly influenced the decision of the other two Board members and prevented the other two Board members from serving as neutral decision makers, which rendered their decision to approve the Development Agreement void or voidable.

49. The Plaintiff has also learned through testimony of the three members of the Elmore County Board of Commissioners, which was given by each individual Commissioner, before the Idaho Department of Water Rights, that each of the three Commissioners own land that is located within the boundaries of the Elmore County Irrigation District and will personally benefit from the delivery of water by the Developer, as set forth above, to the Mtn. Home Irrigation District. Each of the Commissioners has a personal conflict of interest and actual bias that prevents each of them from serving as a neutral decision maker in this matter and renders their decisions in this matter void or voidable.

## COUNT ONE
## DECLARATORY RELIEF

50. D SBar Ranch incorporates herein by reference paragraphs 1-49.

51. SBar Ranch is entitled to declaratory relief, pursuant to United States Code § 2201 and F.R.C.P. 57, declaring invalid the County's approval of the CUPs and the Development Agreement for having failed to provide SBar Ranch with adequate notice and the opportunity to properly be heard to object to such approvals.

52. SBar Ranch is entitled to declaratory relief relative to its rights and status as to the CUPs, the Development Agreement and for a determination that the County's actions in approving the CUPs and the Development Agreement violates I.C. § 67-5279 because the

Board's findings, inferences, conclusions, or decisions are: (a) in violation of constitutional or statutory provisions; (b) in excess of the statutory authority of the agency; (c) made upon unlawful procedure; (d) not supported by substantial evidence on the record as a whole; or (e) arbitrary, capricious or an abuse of discretion, and a substantial right of Plaintiff has been prejudiced.

53. SBar Ranch is entitled to a declaratory judgment declaring that the County and the individual Commissioners of the Board have conflicts of interest that prevent the County and the individual members of the Board from serving as neutral decision-makers in this matter, and declaring invalid the County's approval of the CUPs and the Development Agreement.

## COUNT TWO
## TORT DAMAGES FOR A "NON-CATEGORICAL" REGULATORY TAKING

54. SBar Ranch incorporates herein by reference paragraphs 1-53.

55. The value of SBar Ranch's property has been substantially diminished by the County's approval of the CUPs and the Development Agreement.

56. As a result of the Defendants' actions, SBar Ranch has been forced to bear a public burden, the cause of which was not the responsibility of SBar Ranch.

57. The actions of the Defendants, including the economic impact of the regulatory actions, the interference with reasonable investment-backed expectations, and the character of the governmental actions constitute a "non-categorical" regulatory taking in violation of the constitutional rights of SBar Ranch for which SBar Ranch is owed just compensation in an amount at least equal to the diminished value of the Ranch resulting from the actions of the Defendants.

## COUNT THREE
## 42 U.S.C. § 1983

58. SBar Ranch incorporates herein by reference paragraphs 1-57.

59. The Defendants' actions have deprived SBar Ranch of economic benefit of its property without the payment of just compensation as required by the Fifth and Fourteenth Amendments of the United States Constitution.

60. The Defendants' failure to provide proper notice and an opportunity to be heard regarding the approval of the CUPs and the Development Agreement violated SBar Ranch's right of due process of law under the Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983 as SBar Ranch was not afforded proper notice or an opportunity to object to the Defendants' actions.

61. The Defendants' actions have been discriminatory and violated SBar Ranch's rights of substantive due process of law under the Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

62. The Defendants' actions regarding the CUPs and the Development Agreement are actions made by the Defendants acting under the color of state law and in their capacity as a state governmental sovereign and representatives of a state governmental sovereign.

63. The motives of the Defendants in taking the actions they have taken were not premised on the advancement of a legitimate governmental interest, and the means chosen by the Defendants were not likely to advance the goal of preserving and protecting a legitimate governmental interest. As such, the Defendants' actions in approving the CUPs and the Development Agreement are void as applied to SBar Ranch in that the actions violated SBar Ranch's right of substantive due process of law under the Fifth and Fourteenth Amendments of the United States Constitution and 42 U.S.C. § 1983.

64. The Defendants' actions were intentional and deliberate, were committed with an appreciation for their wrongfulness and injurious effects, and were perpetrated with callous

disregard and reckless indifference toward SBar Ranch's federally protected constitutional rights. As a result, SBar Ranch is entitled to recover a money judgment against the Defendants for the violation of its federally secured constitutional rights in a sum sufficient to fully and fairly compensate SBar Ranch, together with interest, costs and attorney fees in a sum to be proven at trial.

## DEMAND FOR JURY TRIAL

The Plaintiff demands a jury trial on all issues that may be heard by a jury.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiff prays for relief as follows:

1. For declaratory relief pertaining to the Defendants' actions as alleged herein.

2. For a money judgment against the Defendants in an amount sufficient to fully and fairly compensate SBar Ranch for the uncompensated damage to the property and property rights, the violation of Plaintiff's constitutional rights, and the deprivation of Plaintiff's federally protected civil rights.

3. For an award of reasonable costs and attorney fees pursuant to Idaho Code §§ 12-117, 12-121, and 12-120(3), 42 U.S.C. § 1988, F.R.C.P. 54 and any other applicable law or rule.

4. For such other and further relief as this Court deems just and equitable.

DATED: February ___, 2019.

HAWLEY TROXELL ENNIS & HAWLEY LLP

By _____
Merlyn W. Clark, ISB No. 1026
Attorneys for Plaintiff